**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GREGORY AHARONIAN                          )
*440 Davis Court*                          )
*San Francisco, CA 94111*                  )
                                           )
DAVID LENTINI                              )          Civ. No.
*1932 California Street*                    )
*San Francisco, CA 94109*                   )          COMPLAINT FOR
                                           )          DECLARATORY
DAVID PRESSMAN                             )          AND INJUNCTIVE RELIEF
*1070 Green Street*                         )
*San Francisco, CA 94133*                   )
                                           )
STEVE MORSA                                )
*223 Thousand Oaks Blvd*                    )
*Thousand Oaks, CA 91360,*                  )
                                           )
      Plaintiffs,                              )
                                           )
    v.                                    )
                                           )
THE HONORABLE CARLOS GUTIERREZ             )
SECRETARY OF COMMERCE                      )
U.S. Department of Commerce                )
1401 Constitution Avenue, N.W.             )
Washington, DC 20230                       )
                                           )
      Defendant.                               )

**INTRODUCTION**

1.      America's standard of living depends on the advance of scientific and engineering

research, and the development of useful technology resulting from such research. The growth of

1

global trade and finance networks has provided ample investment opportunities to support this research and development. In this highly competitive and fast-moving environment, patents play a critical role in securing and protecting the investments necessary to enable the public to enjoy the fruits of the creativity of inventors and entrepreneurs; and duly issued patents and trademarks are important economic assets for America's corporations, inventors and universities. The United States Patent and Trademark Office (hereinafter referred to as "the USPTO") thus plays a vital role in protecting and encouraging innovation in America and, hence, America's high standard of living.

2.      The USPTO has a daunting task. Each year, hundreds of thousands of new patent applications are filed, adding to the hundreds of thousands already in the review process. Examining patent and trademark applications requires thousands of professional examiners, who must negotiate a complex interaction of scientific and legal issues in cooperation with tens of thousands of professional patent lawyers and agents. Moreover, this complicated process must be done efficiently, lest inventors see the economic value of their inventions decline for want of timely issued patents, or the expense becomes so great as to deter filing. Against this background, Congress amended the Patent Act in 1999 to require that the two most senior officers of the UPSTO, the Under Secretary of Commerce for Intellectual Property and Director of the USPTO and Under Secretary of Commerce for Intellectual Property and Deputy Director of the USPTO, each have "professional experience and background in patent or trademark law." 35 U.S.C. §§ 3(a)(1) and 3(b)(1).

3.      Plaintiffs challenge Defendant Commerce Secretary Gutierrez' April 2007 appointment of Margaret J.A. Peterlin (hereinafter referred to as "Peterlin") to the position of Under Secretary of Commerce for Intellectual Property and Deputy Director of the USPTO.  Defendant Gutierrez' appointment of Peterlin violates this statute, because she lacks the requisite professional experience and background.  Therefore, her appointment is illegal and *per se* an abuse of the discretionary power of Defendant Gutierrez to make such appointments.

4.      Plaintiffs accordingly ask this Court to enjoin Defendant Gutierrez from further violating 35 U.S.C. § 3(b)(1) of the Patent Statute by declaring Peterlin's appointment illegal and instructing Defendant Gutierrez to appoint a new Under Secretary of Commerce for Intellectual Property and Deputy Director of the USPTO who comports with the letter and spirit of the law.

## JURISDICTION

5.      This case arises under the Administrative Procedures Act, 5 U.S.C. § 706.

6.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331 and 1361.

**PARTIES**

7.      Plaintiff Gregory Aharonian is a professional patent analyst, and an inventor who is

paying multiple and costly fees to have his patent applications examined at the USPTO by patent

examiners and support staff who are under the day-to-day management of Peterlin.  Mr.

Aharonian is co-author of the book, "Patenting Art and Entertainment".  Mr. Aharonian is

located in San Francisco, CA.


8.      Plaintiff David Lentini is a patent lawyer and inventor who for many years has

prosecuted patent applications before the USPTO, and is the legal representative for more than

one patent application currently being examined at the USPTO by patent examiners and support

staff under the day-to-day management of Peterlin.  Mr. Lentini is registered to practice before

the USPTO.  Mr. Lentini is located in San Francisco, CA.


9.      Plaintiff David Pressman is a patent lawyer who for many years has prosecuted patent

applications before the Patent and Trademark Office, and is the legal representative for more

than one patent application currently being examined by the USPTO by patent examiners and

support staff under the day-to-day management of Peterlin.  Mr. Pressman is registered to

practice before the USPTO, and was formerly a patent examiner.  Mr. Pressman is author of the

widely sold book, "Patent It Yourself".  Mr. Pressman is located in San Francisco, CA.

10.     Plaintiff Steve Morsa is an inventor who is paying multiple and costly fees to have his patent applications examined at the USPTO by patent examiners and support staff who are under the day-to-day management of Peterlin.  Mr. Morsa is located in Thousand Oaks, CA.

11.     Defendant Gutierrez, the Honorable Carlos Gutierrez, is the Secretary of the U.S. Department of Commerce, and alone has the responsibility and power to appoint individuals to the position of Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office.

12.     Margaret Peterlin is the Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office.

13.     Plaintiffs bring this action because Defendant Gutierrez' illegal appointment of Peterlin perpetuates USPTO management's inability to handle egregious delays in processing patent applications and halt the decline in the quality of issued patents, because of management's lack of professional experience. The poor quality of examining harms Plaintiffs Aharonian and Morsa by forcing them to pay from thousands to tens of thousands of dollars in fees to argue spurious rejections of their applications. These plaintiffs are also harmed because dealing with such rejections delays the issuance of their patents. The continually lengthening delays between the time patent applications are filed and initial responses are promulgated, harm attorney Plaintiffs Lentini and Pressman by their loss of tens of thousands of dollars in fees for their patent prosecution services.  Peterlin is unable to resolve these management problems, which

harm the Plaintiffs, because of her lack of a professional background and experience in patent and trademark law.

## STATEMENT OF FACTS

14.     The USPTO is under the jurisdiction of the Department of Commerce.

15.     The position of Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office of the USPTO is filled solely by appointment by the Secretary of the Department of Commerce. 35 U.S.C. § 3(b).

16.     On May 8th, 2007, the USPTO announced that Defendant Gutierrez had appointed Peterlin to the position of Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office. http://www.uspto.gov/web/offices/com/speeches/07-15.htm.

17.     Statute specifically requires that the Under Secretary of Commerce for Intellectual Property and Deputy Director of the USPTO "be a citizen of the United States who has a professional background and experience in patent or trademark law." 35 U.S.C. § 3(b)(1).

18.     Upon information and belief, neither the Department of Commerce nor the USPTO has ever provided specific examples of: (1) Peterlin's professional background in patent or trademark law, or (2) Defendant Peterlin's professional experience in patent or trademark law.

19.     Upon information and belief, Peterlin's professional and background and experience fail to meet the requirements of 35 U.S.C. § 3(b)(1).

20.     Upon information and belief, prior to her appointment, Peterlin had never interacted with a patent or trademark examiner, in either a professional or managerial capacity.

21.     Upon information and belief, Peterlin is not registered to practice before the USPTO.

22.     Upon information and belief, Peterlin has never drafted a patent or trademark application.

23.     Upon information and belief, Peterlin has never prepared a legal opinion concerning the likelihood that an invention is entitled to a patent, or that a trademark is entitled to registration.

24.     Upon information and belief, Peterlin has never prosecuted a patent or trademark application.

25.     Upon information and belief, Peterlin is not and has never been recorded as the attorney of record for any patent or trademark application.

26.     Upon information and belief, Peterlin has never prepared a legal opinion concerning the validity of an issued patent or trademark.

27.     Upon information and belief, Peterlin has never litigated a patent or trademark case.

28.     Upon information and belief, Peterlin has no experience in managing large-scale information workflow organizations, such as the USPTO.

29.     Upon information and belief, Peterlin has never managed professionals who work in the patent, trademark, or information management fields.

30.     Upon information and belief, Peterlin lacks the requisite educational credits in science or engineering to earn registration to practice before the USPTO.

31.     Upon information and belief, Peterlin has never published on the subject of patent or trademark law.

32.     Upon information and belief, Peterlin has never been a member of an intellectual property advocacy group, such as the American Intellectual Property Law Association (AIPLA),

the Intellectual Property Section of the American Bar Association, the Intellectual Property Organization (IPO), or the Intellectual Property Committee of the Institute of Electrical and Electronics Engineers, Inc. (IEEE).

33.    Upon information and belief, Peterlin has never been a member of professional patent and trademark organizations such as the Association of University Technology Managers (AUTM), whose members manage patent acquisition and licensing activities at American universities; or the Patent Information Users Group (PIUG), whose members manage prior art research and logistics activities at large numbers of American corporations; or the International Trademark Association (INTA), whose members manage trademark operations at large numbers of American corporations.

34.    Upon information and belief, Peterlin was never paid for serving on any House of Representatives intellectual property committees or sub-committees while acting as a Congressional aide. http://www.legistorm.com/person/Peterlin_Margaret_J_A/8736.html.

35.    Upon information and belief, Peterlin has never claimed reimbursement for travel expenses to engage in professional patent or trademark activities while acting as a Congressional aide.
http://americanradioworks.publicradio.org/features/staffers/travdat/staffer.php?staffer_id=s5428.

36.     Upon information and belief, Peterlin's experience as a Congressional aide to Representative Hastert was outside the realm of professional patent or trademark activities, such as homeland and national security, Hurricane Katrina relief, child protection and safety.

37.     Upon information and belief, the U.S. Congress intended to include the requirement that the Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office have "professional experience and background in patent or trademark law" in 35 U.S.C. § 3(b)(1) to address complaints from the patent and trademark communities over the harms caused to patent and trademark applicants by previous USPTO Commissioners who lacked such experience.

38.     By letter dated 26 May 2007, Plaintiffs and other patent professionals requested comments from Defendant Gutierrez concerning the criteria used to identify candidates for the position of Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office, how that criteria satisfied the above-recited statutory requirements, and how the appointment of Peterlin to that position was justified under the criteria. As of the date of the filing of this lawsuit, the Plaintiffs have not received a response to the letter.

39.     USPTO announcements at the time of Peterlin's appointment clearly stated that she would be given an intimate role in the operations management of the USPTO: "As Deputy Director of the USPTO, she administers … the day-to-day management of the $1.7 billion

agency and its more than 8,000 employees"

(http://www.uspto.gov/biographies/bio_peterlin.htm"), and "[Peterlin's] leadership will be

instrumental in the USPTO's efforts to work with applicants to enhance the quality of their

applications, process patents and trademarks in a timely manner, and operate in a way that

motivates our employees and inspires our international partners."

http://www.uspto.gov/web/offices/com/speeches/07-15.htm".

40.     Upon information and belief, the USPTO has suffered serious deterioration in the

quality of issued patents and trademarks, the timeliness of examination of patent and trademark

applications, and the overall morale of patent and trademark examiners, as a result of senior

management who lack professional experience in patent and trademark law. Such deterioration

was documented in a 2005 GAO report titled "Improvements Needed to Better Manage Patent

Office Automation and Address Workforce Challenges" – GAO-05-1008T.

(http://www.gao.gov/new.items/d051008t.pdf).

41.     Upon information and belief, the USPTO has a history of labor relations problems with

the corps of examiners that is exacerbated by the lack of professional patent and trademark

experience among the most senior USPTO managers. As documented in the above-cited 2005

GAO report, USPTO management deficiencies include "the lack of an effective strategy to

communicate and collaborate with examiners", and "outdated assumptions in production quotas

that it uses to reward examiners". 2005 GAO report titled "Improvements Needed to Better

Manage Patent Office Automation and Address Workforce Challenges" (Abstract). In early

2006, the newsletter of Patent Office Professional Association, the union for the USPTO's examiners (POPA), quoted from a federal arbitrator that: "every arbitrator accepting a PTO case should be wary of accepting at face value any representation made by the PTO".

42.     Upon information and belief, the USPTO's poor performance is due at least in part to incompetent information technology management arising from the lack of professional experience in patent or trademark law among senior USPTO management. Plaintiffs note that the above-cited 2005 GAO report observed that " after spending $1 billion on its efforts from 1983 through 2004, the [UPSTO] has not yet developed the fully integrated, electronic patent process articulated in its automation plans, and when and how it will achieve this process is uncertain." 2005 GAO report titled "Improvements Needed to Better Manage Patent Office Automation and Address Workforce Challenges" (Abstract).

43.     If Defendant Gutierrez has no criteria for determining if Peterlin satisfies the requirements of 35 U.S.C. § 3(b)(1), then his appointment of Peterlin is arbitrary, capricious and an abuse of discretion.

### FIRST CAUSE OF ACTION

44.      Defendant Gutierrez' appointment of Peterlin violates 35 U.S.C. § 3(b)(1), because Defendant Peterlin lacks the statute's requirement that she have "professional background and experience in patent or trademark law".

### SECOND CAUSE OF ACTION

45.      Because Defendant Gutierrez' appointment of Peterlin violates 35 U.S.C. § 3(b)(1), Defendant Gutierrez' appointment is arbitrary, capricious and an abuse of discretion under the Administrative Procedures Act, 5 U.S.C. § 706.

### THIRD CAUSE OF ACTION

46.      Peterlin's exercise of authority is a continuing violation of 35 U.S.C. § 3(b)(1).

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court grant the following relief:

1.  Hold that Peterlin fails to meet the statutory requirements defined by 35 U.S.C. § 3(b)(1) to hold the position of Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office;

2.  Hold that Defendant Gutierrez' appointment of Peterlin violates 35 U.S.C. § 3(b)(1);

3.  Order Defendant Gutierrez to dismiss Peterlin from the position of Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office immediately;

4.  Order Defendant Gutierrez to establish Department of Commerce agency rules to assess what qualifies as a "professional background and experience in patent or trademark law" under 35 U.S.C. § 3;

5.  Order Defendant Gutierrez to appoint a new Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office who fulfills all of the requirements of 35 U.S.C. § 3(b)(1);

6.  Award Plaintiffs their costs and reasonable fees in this action; and

7.  Grant any further relief as this Court may deem just and proper.

Respectfully submitted,

Stephen Christopher Swift
Swift Law Office
Suite 600
1800 Diagonal Road
Alexandria, Virginia  22314-2840

Telephone: (703) 418-0000
Facsimile: (703) 647-7420
E-Mail: steve@swift.law.pro
D.C. Bar No. 428459

Attorney for Plaintiffs
Gregory Aharonian, David Pressman,
David Lentini, and Steve Morsa

C. 07-1224
JR

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Gregory Aharonian, David Lentini, David Pressman, and Steve Morsa | The Honorable Carlos Gutierrez, Secretary of Commerce |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Swift Law Office
1800 Diagonal Road, Suite 600
Alexandria, VA  22314-2840

Case: 1:07-cv-01224
Assigned To : Robertson, James
Assign. Date : 7/9/2007
Description: Admn. Agency Review

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U S Government Plaintiff
⊗ 3 Federal Question (U S Government Not a Party)
⊗ 2 U S Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

⊙ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    **OR**    ○ **F.** *Pro Se General Civil*

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| O **G. Habeas Corpus/ 2255** | O **H. Employment Discrimination** | O **I. FOIA/PRIVACY ACT** | O **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O **K. Labor/ERISA (non-employment)** | O **L. Other Civil Rights (non-employment)** | O **M. Contract** | O **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    O 2 Removed from State Court    O 3 Remanded from Appellate Court    O 4 Reinstated or Reopened    O 5 Transferred from another district (specify)    O 6 Multi district Litigation    O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Administrative Procedures Act 4 USC 706; abuse of discretion by appointment made in violation of 35 USC 3(b)(1).

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** [_____] **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐    NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form

DATE  July 6, 2007    SIGNATURE OF ATTORNEY OF RECORD  *Stephen C. Swift*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form