## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREGORY AHARONIAN, *et al.*,          :
                                      :
        Plaintiffs,                   :
                                      :
    v.                                : Civil Action No. 07-1224 (JR)
                                      :
CARLOS GUTIERREZ, Secretary of        :
Commerce,                             :
                                      :
        Defendant.                    :

### MEMORANDUM

Plaintiffs complain that the appointment of Margaret Peterlin to the position of Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office is unlawful because she is not a "citizen of the United States who has a professional background and experience in patent or trademark law."  35 U.S.C. § 3(b). Defendant responds that, for a variety of reasons, this complaint is non-justiciable.  I agree with defendant, and will dismiss the complaint.

Two of plaintiffs' three claims appear to be brought directly under 35 U.S.C. § 3(b), the statute which structures the United States Patent and Trademark Office (USPTO) and creates the office of the Deputy Director which is held by Ms. Peterlin. Defendant argues that there is no private cause of action under this statute, and plaintiffs have functionally conceded this argument by failing to respond.  See, e.g., Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp. 2d 174, 178

(D.D.C. 2002) (citing <u>FDIC v. Bender</u>, 127 F.3d 58, 67-68 (D.C. Cir. 1997) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").   Nor would a response have made much difference: neither the text nor the legislative history of the statute evinces anything approaching the congressional intent required to establish a private cause of action – that is, intent to create both a private right and a private remedy.   <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286 (2001).

One of plaintiffs' three claims invokes Administrative Procedure Act (APA), which unlike 35 U.S.C. § 3(b), does provide a cause of action for persons aggrieved by final agency decisions that are arbitrary, capricious, or contrary to law.  A claim alleging violation of the standard in 35 U.S.C. § 3(b) is unreviewable under the APA, however, because 35 U.S.C. § 3(b) lacks standards that a court could meaningfully use in evaluating this type of high-level personnel decision.  Because the only statutory standard is vague and highly subjective, the decision whom to appoint Deputy Director must be considered "committed to agency discretion by law."  <u>See</u> 5 U.S.C. § 701(a)(2); <u>Webster v. Doe</u>, 486 U.S. 592 (1988); <u>Heckler v. Chaney</u>, 470 U.S. 821 (1985).

The presumption must be that decisions involving high-level policymaking personnel are left primarily to the executive. Cf. Myers v. United States, 272 U.S. 52 (1926).  In such a situation, one would expect Congress to speak in precise terms if it intended the courts to monitor the minimal qualifications for agency officers.  Here, Congress has given only the broadest of instructions – that the Deputy Director should have "a professional background and experience in patent or trademark law."  35 U.S.C. § 3(b).  The statute is silent as to the content of those terms.  Were the decision subjected to APA review, the Court – not Congress – would be the ultimate source of the standards by which the qualifications of Ms. Peterlin would be judged:  Is a law degree necessary?  Is it sufficient?  Are law school courses in intellectual property a requirement?  Is certification to practice before the USPTO?  Is law firm experience?  How many years?  If Congress had intended the extraordinary situation in which judicial review would reach to the very qualifications of agency officers for their policymaking positions, its statute would not be drawn "in such broad terms that . . . there is no law to apply."  See Citizens to Preserve

<u>Overton Park v. Volpe</u>, 401 U.S. 402, 410 (1971) (citation omitted).

An appropriate order accompanies this memorandum.


JAMES ROBERTSON
United States District Judge