**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GREGORY AHARONIAN, <br> DAVID LENTINI, <br> DAVID PRESSMAN and <br> STEVE MORSA, <br><br>     Plaintiffs, <br><br>  v. <br> CARLOS GUTIERREZ, <br> SECRETARY OF COMMERCE, <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No: 1:07-cv-01224(JR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF
THE COURT'S ORDER ON DECEMBER 6, 2007
GRANTING DEFENDANT'S MOTION TO DISMISS
AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

**TABLE OF CONTENTS**

Page

INTRODUCTION……………………………………………………………………………….1

BACKGROUND..…………………………………………………………………………….....1

DISCUSSION……………………………………………………………………………………2

I.  THE CASES CITED AS SUPPORTING THE COURT'S DECISION INVOLVED EXPLICT STATUTORY GRANTS OF INTERPRETORY DISCRETION TO THE GOVERNMENT……………………………………………………………………………2

II.  CONGRESS DID NOT GRANT DEFENDANT UNREVIEWABLE "DISCRETIONARY" POWER IN THIS CASE………………………………………....3

III.  THIS COURT IS COMPETENT TO REVIEW THE STANDARDS SET FORTH IN 35 U.S.C. § 3(b)………………………………………………………….4

CONCLUSION…………………………………………………………………………………..5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Heckler v. Chaney, 470 U.S. 821 (1985)……………………………………………………1

Webster v. Doe, 486 U.S. 592 (1988)…………………………………………………….1, 2


**STATUTES**

5 U.S.C. 701(a)(2)………………………………………………………………….....…..2

35 U.S.C. 3(b)……………………………………………………………………………….1, 3

50 U.S.C. 403(c), 61 Stat. 498..……………………………………………………………..2


**RULES**

Fed. R. Civ. Pro. 60(b)(1)……………………………………………………………………1

Fed. R. Civ. Pro. 60(b)(6)……………………………………………………………………1

**INTRODUCTION**

On December 6, 2007, this Court issued an Order and Memorandum granting Defendant's Motion to Dismiss. Plaintiffs move for reconsideration of the December 6, 2007 Order, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, on the grounds of mistake or inadvertence, or in the alternative, pursuant to Rule 60(b)(6) on the grounds of "any other reason that justifies relief."

**BACKGROUND**

The Court's Memorandum of December 6, 2007, recognizes that the Plaintiffs can invoke the Administrative Procedure Act (APA) to challenge the Defendant's appointment of Margaret Peterlin ("Peterlin") to the position of Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office. Plaintiffs' challenge under the APA is based on Ms. Peterlin's fundamental inability to satisfy the requirements Congress set forth in the patent statute – viz., that she is not a "citizen of the United States who has a professional background and experience in patent or trademark law". 35 U.S.C. § 3(b).

However, the Court denied Plaintiffs' challenge to Defendant's appointment of Peterlin. The Court reasoned that because the statute in question here is so vague and subjective, that the Court must defer to the Defendant's choice of Peterlin. The Court held:

> Because the only statutory standard is so vague and highly subjective, the decision whom to appoint Deputy Director must be considered "committed to agency discretion by law".

The Court based this conclusion on two Supreme Court decisions, *Webster v. Doe*, 486 U.S. 592 (1988) and *Heckler v. Chaney*, 470 U.S. 821 (1985). Both *Webster* and *Chaney* have similar fact patterns. Plaintiffs argue that facts in this case can be distinguished from *Webster* and *Heckler*,

using the facts from the *Webster* case as a guide.

## DISCUSSION

### I. THE CASES CITED AS SUPPORTING THE COURT'S DECISION INVOLVED EXPLICT STATUTORY GRANTS OF INTERPRETORY DISCRETION TO THE GOVERNMENT

The statute at issue in *Webster* allowed termination of a federal employee, in that case an employee of the Central Intelligence Agency ("CIA"), at the discretion of the Director of Central Intelligence. That statute, Section 102(c) of the National Security Act of 1947, 61. Stat. 498, as amended, provided that:

> [T]he Director of Central Intelligence may, in his discretion, terminate the employment of any officer or employee of the Agency whenever he shall deem such termination necessary or advisable in the interests of the United States . . . 50 U.S.C. § 403(c).

In determining if judicial review was appropriate in *Webster*, the Supreme Court observed that:

> [Section] 102(c) allows termination of an Agency employee whenever the Director "shall deem such termination necessary or advisable in the interests of the United States" (emphasis added), not simply when the dismissal is necessary or advisable to those interests. This standard fairly exudes deference to the Director, and appears to us to foreclose the application of any meaningful judicial standard of review . . . . The *language of 102(c)* thus strongly suggests that its implementation was "committed to agency discretion by law."

486 U.S. 592 at 600 (emphasis added). Thus, the Court held that "the *language and structure* of 102(c) indicate that Congress meant to commit individual employee discharges to the Director's discretion, and that [5 U.S.C.] 701(a)(2) accordingly precludes judicial review of these decisions under the APA." *Id* at 601 (emphasis added).

In other words, the Court held that Congress had given the Director express statutory authority to determine the standards for termination without possibility for judicial review.

Plaintiffs note that the same fact pattern is found in other cases cited by the Court (as well as those in the Defendant's brief): the statutes at issue in all of the cited cases involve statutory language in which Congress explicitly gave the acting party clear discretionary authority, and provided vague standards under which that discretion should be exercised. In other words, those statutes can be characterized by the following general statement: "Decision X is to be decided by the sole discretion of Party Y, who has the express authority to interpret [vague] Standards Z".

## II.  CONGRESS DID NOT GRANT DEFENDANT UNREVIEWABLE "DISCRETIONARY" POWER IN THIS CASE

Plaintiffs respectfully note that the facts of the present case are in stark contrast to the facts of the cases cited by this Court and Defendant. Unlike the cited cases, the "language and structure" of the statute in question in this case does not provide sole discretionary authority to the Secretary of Commerce to interpret the statutory standards for choosing a Deputy Director. Rather, 35 U.S.C. § 3(b) only provides that "The Deputy Director shall be a citizen of the United States who has a professional background and experience in patent or trademark law."  Section 3(b) completely lacks the critical language required by *Webster* and the other cases cited by the Court and Defendant, language with which Congress gives sole "discretion of a certain party" to interpret the statutory standards at issue, for such Congressionally mandated discretion to then give rise to finding the statute is subjectively "committed to agency discretion by law".

Had Congress written Section 3(b) as it chose to in the statutes under review in the *Webster* line of cases, it should have stated: "The Deputy Director shall be a citizen of the United States 'whom the Secretary of Commerce shall deem to have an adequate' professional background and experience in patent or trademark law." If this were the case, then *Webster* and the other cited cases might be relevant to this case, because then the statutory language itself

-3-

would demonstrate clear Congressional intent to provide the Secretary of Commerce sole, subjective discretionary power to interpret the standard for appointing a Deputy Director pursuant to 35 U.S.C. § 3(b).

But the statute in this case does not show any Congressional intent to give the Secretary of Commerce such power: It does not state that the "professional background and experience" is to be based on the subjective discretion of the Secretary. The statute at issue here is written in far more neutral language, that distinguishes the statute at issue here as one in which Congress intended that the Secretary must apply standards of interpreting the requirement of "professional background and experience" objectively.

### III.  THIS COURT IS COMPETENT TO REVIEW THE STANDARDS SET FORTH IN 35 U.S.C. § 3(b)

Plaintiffs respectfully disagree with the court's view that 35 U.S.C. § 3(b) is so "vague" that the court cannot meaningfully evaluate Defendant's appointment of Peterlin. (Memorandum at 2.) Plaintiffs point out that the statutory standard goes to the question of determining professional background and experience in an area of legal practice. Courts routinely make such reviews. For example, courts consider standards of professional background and experience of lawyers when determining questions of legal malpractice. Courts also establish and enforce minimum standards of professional background and experience for the admission of lawyers to appear before the court. More generally, courts routinely evaluate the professional background and experience of scientific and engineering experts under the *Daubert* standards, and of medical professionals in medical malpractice cases.

Additionally, the court can avail itself of the assistance of leaders of the many professional patent and trademark law associations, such as the ABA, AIPLA, IPO and INTA, who routinely advise Congress with regards to language of patent and trademark statutes, such as

35 U.S.C. § 3(b).

So, it would be shocking for this court to admit that it is not capable of evaluating whether or not Peterlin has the requisite professional background and experience in patent or trademark law to meet the requirements of 35 U.S.C. § 3(b).

## CONCLUSION

Thus, for this Court to hold that 35 U.S.C. § 3(b) is judicially unreviewable under the APA, is a great leap from the facts of every one of the precedents cited by the Court and will result in tremendous expansion of the power of the Executive Branch that was not contemplated by Congress.

For the foregoing reasons, Plaintiffs urge this Court to reconsider its Order on December 6, 2007, and permit Plaintiffs' Complaint to go forward.

Respectfully submitted this 20th day of December, 2007.

/s/ Stephen Christopher Swift
Stephen Christopher Swift
Swift Law Office
Suite 600
1800 Diagonal Road
Alexandria, Virginia  22314-2840

Telephone: (703) 418-0000
Facsimile: (703) 647-7420
E-Mail: steve@swift.law.pro
D.C. Bar No. 428459

Attorney for Plaintiffs
Gregory Aharonian, David Pressman,
David Lentini, and Steve Morsa

## CERTIFICATE OF SERVICE

      I hereby certify that on December 20, 2007, a true and correct copy of the foregoing PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON DECEMBER 6, 2007 GRANTING DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                                        /s/ Stephen Christopher Swift
                                        Stephen Christopher Swift

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY AHARONIAN, <br> DAVID LENTINI, <br> DAVID PRESSMAN and <br> STEVE MORSA, <br><br> Plaintiffs, <br><br> v. <br> CARLOS GUTIERREZ, <br> SECRETARY OF COMMERCE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No: 1:07-cv-01224(JR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON DECEMBER 6, 2007 GRANTING DEFENDANT'S MOTION TO DISMISS**

Upon consideration of the papers filed by all the parties and the arguments of counsel, it is hereby

ORDERED that Plaintiff's Motion for Reconsideration of the Court's Order on December 6, 2007 Granting Defendant's Motion to Dismiss is hereby GRANTED, that the Court's Order of December 6, 2007 Granting Defendant's Motion to Dismiss is hereby RESCINDED, and that Defendant shall file an Answer to Plaintiff's Complaint within sixty (60) days of the date of this Order.

_____
The Honorable Judge James Robertson
United States District Judge